IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-518-FL

| | | |
|---|---|---|
| JAMES ALSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NATIONAL CREDIT SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court upon defendant's motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and (b)(6) (DE 11). For the following reasons, the motion is granted.

### STATEMENT OF THE CASE

Plaintiff, proceeding pro se, commenced this action September 10, 2024, asserting five claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"): 1) attempting to collect an unverified debt, 2) reporting an unverified debt, 3) omitting the disputed status of a reported debt, 4) making misleading statements about the status of a debt, and 5) attempting to collect a debt after failing to validate it. Plaintiff seeks compensatory and punitive damages, plus fees and costs.

Defendant filed the instant motion to dismiss, for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, on October 30, 2024. Plaintiff responded in opposition. The court has stayed scheduling activities pending the court's disposition of the instant motion.

**STATEMENT OF FACTS**

The facts alleged in the complaint are as follows. Plaintiff is a natural person who resides in Creedmoor, North Carolina, and has purportedly been assigned the claims at issue in this case by Louis Greene ("Greene"). (Compl. (DE 1) 1).[1] Greene is obligated to pay money to an unspecified party as a result of an unspecified transaction. (Id. 2). Defendant is a Georgia entity which plaintiff alleges meets the FDCPA's definition of a debt collector. (Id.).

On November 17, 2023, plaintiff received a communication from defendant regarding the unspecified debt. (Id.). Plaintiff disputed the validity of the debt and sent a validation request to defendant, which defendant received December 1, 2023. (Id.). Defendant nonetheless failed to validate the debt and continued to report it on plaintiff's consumer report. (Id.). Plaintiff followed up with defendant January 30, 2024, but received no response. (Id.). On February 29, 2024, plaintiff contacted defendant stating that he no longer disputed the debt but refused to pay it, and demanding its removal from his credit report. (Id. 2–3).[2] Defendant did not respond. (Id. 3). The debt remained on the credit report as of September 4, 2024. (Id.).

**COURT'S DISCUSSION**

A.    Standard of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).[3] Such a motion may either 1) assert the complaint fails

---

[1]    The paragraphs in each section of the complaint are numbered separately, so the court cites to pages, not paragraphs.

[2]    Though the complaint states that "plaintiff" sent this email, the exhibit attached thereto demonstrates that Greene sent this email, not plaintiff. (See Compl. Ex. B (DE 1-2)).

[3]    Internal citations and quotation marks are omitted from all citations unless otherwise specified.

to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Bain, 697 F.2d at 1219. Where a defendant raises a "facial challenge[] to standing that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts " the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

B.   Analysis

Defendant asserts that plaintiff lacks Article III standing because FDCPA claims are not assignable, depriving plaintiff of standing. The court agrees, and so does not reach defendant's merits arguments under Rule 12(b)(6).

The United States Court of Appeals for the Fourth Circuit has not addressed the assignability of claims under this statute. However, district courts in this and other circuits recognize that it does not expressly permit assignment, and therefore look to state law to evaluate assignability. See, e.g., Jones v. Credit Control Corp., No. 4:22cv5, 2022 WL 3924215, at *3–4 (E.D. Va. Aug. 29, 2022) (collecting numerous cases, examining assignability under Virginia law,

3

Case 5:24-cv-00518-FL   Document 16   Filed 03/13/25   Page 3 of 5

and rejecting standing for purported assignee of FDCPA claim); Cooper v. Nat'l Credit Adjusters, LLC, No. 3:22-cv-521, 2022 WL 17656316, at *3 (N.D. Tex. Nov. 28, 2022) (noting in this context that "there is no federal law of assignments"); Dotson v. Transworld Sys., Inc., No. CIV-22-29, 2022 WL 2655785, at *2–3 (W.D. Okla. July 8, 2022) (same under Oklahoma law); Young v. Portfolio Recovery Associates, LLC, No. 6:22-cv-81, 2022 WL 2163821, at *2 (E.D. Tex. May 20, 2022) (same under Texas law); James v. Puget Sound Collections, No. 22-5237, 2022 WL 2357050, at *3 (W.D. Wash. June 20, 2022) (same under Washington law).

Although the Fourth Circuit has not had occasion to examine this framework, the court finds it persuasive, based on Article III's usual requirements that an injury must be personal to a plaintiff, the absence of any assignment provision in the FDCPA, and the lack of a general federal law of assignability and consequent need to default to state law to evaluate this issue. See Jones, 2022 WL 3924215, at *3–4.

Plaintiff's only non-conclusory argument to support his standing places reliance upon Sprint Commc'ns Co., LP v. APCC Servs., Inc., 554 U.S. 269 (2008). In that case, the Supreme Court held that parties assigned statutory claims for collections possess standing to pursue those claims. Id. at 285. However, numerous differences exist between Sprint and this case, and courts confronted with assignability of FDCPA claims have uniformly distinguished Sprint. The Sprint claim was only for collection and arose in contract, not tort, and crucially, no party challenged the validity of the underlying assignment. See Dotson, 2022 WL 2655785, at *3 (rejecting arguments based on Sprint); James, 2022 WL 2357050, at *3 (same). "As other courts have noted, Sprint does not address standing in circumstances where an assignment's validity is in question, and thus is not instructive [in these circumstances][.]" Tisdale v. Enhanced Recovery Co., LLC, No. 4:22-

cv-286, 2023 WL 1810413, at *8 (E.D. Tex. Jan. 17, 2023). The court agrees and proceeds to evaluate the purported assignment here under North Carolina law.

The assignment here clearly falls afoul of North Carolina law, which prohibits assignment of personal tort claims in general. See, e.g., Charlotte-Mecklenburg Hosp. Auth. v. First of Ga. Ins. Co., 340 N.C. 88, 91 (1995); Investors Title Ins. Co. v. Herzig, 330 N.C. 681, 688 (1992); Revolutionary Concepts, Inc. v. Clements Walker PLLC, 227 N.C. App. 102, 107 (2013).[4] The Supreme Court of North Carolina has, indeed, rejected assignment in particular of unfair and deceptive trade practice claims analogous to the claims presented here. Herzig, 330 N.C. at 688.

Because North Carolina law prohibits the purported assignment upon which the claims here rest, such assignment was void. Plaintiff therefore lacks standing to pursue a claim he was never validly assigned. E.g., Jones, 2022 WL 3924215, at *4. His claims must be dismissed without prejudice for lack of subject-matter jurisdiction. See Ali v. Hogan, 26 F.4th 587, 600 (4th Cir. 2022).

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss (DE 11) is GRANTED, and plaintiff's claims are DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction. The clerk is DIRECTED to close this case.

SO ORDERED, this the 13th day of March, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[4] See also, e.g., Jones, 2022 WL 3924215, at *4 (rejecting assignment under Virginia law); Cooper, 2022 WL 17656316, at *4 (same under Texas law).